

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff KEVINPREWITT

**22SL-CC04709 - JEANIE RHOADS V WEBSTER UNIVERSITY (E-CASE)**

[Case Header] [Parties & Attorneys] [Docket Entries] [Charges, Judgments & Sentences] [Service Information] [Filings Due] [Scheduled Hearings & Trials] [Civil Judgments] [Garnishments/Execution]

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries ▼

---

**11/08/2022**  ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-8920, for WEBSTER UNIVERSITY

**11/03/2022**  ☐ **Filing Info Sheet eFiling**
**Filed By:** GENE P GRAHAM JR

☐ **Note to Clerk eFiling**
**Filed By:** GENE P GRAHAM JR

☐ **Pet Filed in Circuit Ct**
Petition for Damages.
**Filed By:** GENE P GRAHAM JR
**On Behalf Of:** JEANIE RHOADS

---

Case.net Version 5.14.58      Return to Top of Page      Released 08/24/2022

EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number: 22SL-CC04709 |
|---|---|
| Plaintiff/Petitioner:<br>JEANIE RHOADS | Plaintiff's/Petitioner's Attorney/Address<br>GENE P GRAHAM JR<br>19049 E  VALLEY VIEW PARKWAY<br>STE C<br>INDEPENDENCE, MO  64055 |
| vs. | |
| Defendant/Respondent:<br> WEBSTER UNIVERSITY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** WEBSTER UNIVERSITY
**Alias:**
470 EAST LOCKWOOD AVENUE
SAINT LOUIS, MO  63119

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08-NOV-2022                       _____
   Date                                                     Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____               _____
Printed Name of Sheriff or Server                                   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____   _____
                                           Date                                              Notary Public

**Sheriff's Fees, if applicable**
Summons             $_____
Non Est             $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $_____10.00_____
Mileage             $_____ (_____ miles @ $ ._____ per mile)
Total               $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| JEANIE RHOADS<br>600 Audubon Drive<br>Apartment 7A34<br>Durham, NC 27713<br><br>     Plaintiff,<br><br>vs.<br><br>WEBSTER UNIVERSITY<br>Serve:<br>Dr. Elizabeth J Stroble<br>470 East Lockwood Avenue<br>St. Louis, MO 63119<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Petition for Damages**

COMES NOW, Plaintiff, by and through her attorney of record, and for her Petition for Damages, alleges and states as follows:

**The Parties**

1. Plaintiff Jeanie Rhoads is an individual who resides at 600 Audubon Drive, Apartment 7A34, Durham, NC 27713.

2. Defendant Webster University is a non-profit corporation organized under the laws of, and registered in, Missouri. It is a private university, with its principal place of business at 470 E. Lockwood Ave, St. Louis, MO 63119. Its registered agent in Missouri is Dr. Elizabeth J. Stroble, 470 E. Lockwood Ave., St. Louis, MO 63119.

**Jurisdiction and Venue**

3. The Circuit Court of St. Louis County has subject matter jurisdiction over this action and personal jurisdiction over Defendant because the events forming the basis for

Electronically Filed - ST LOUIS COUNTY - November 03, 2022 - 04:09 PM

Plaintiff's causes of action occurred under Missouri law and occurred in St. Louis County, Missouri.

4. Venue is proper in this Court because Plaintiff lived out of state at the time Plaintiff was injured and Defendant's registered agent resides in St. Louis County. 508.010.5(1).

**Facts Common to All Counts**

5. On or about December 9, 2020, Plaintiff received an email from Defendant's admissions department stating, "We are pleased to announce that our Online Master of Arts in Counseling/Emphasis in Clinical Mental Health Counseling is now CACREP accredited."

6. Prior to applying for Webster University, Plaintiff had researched Defendant's master's in counseling program on Defendant's website and learned that Defendant claimed to be accredited by The Council for Accreditation of Counseling and Related Educational Programs (hereafter "CACREP accredited").

7. CACREP accreditation is of vital importance in many states for an individual to become a fully licensed clinical therapist. In some states, it is impossible for an individual to become licensed if the individual did not attend a fully CACREP accredited program.

8. Plaintiff applied to Defendant's master's in counseling program in December of 2020.

9. After submitting her application, Plaintiff communicated with Megan Higdon, an employee in Defendant's Office of Admissions. During that communication, Plaintiff specifically asked Ms. Higdon, via email, if the program was CACREP accredited. Ms. Higdon answered other accrediting questions but neglected to inform Plaintiff the program was *not* in fact CACREP accredited.

10. In or around July of 2021, Plaintiff received her acceptance letter to Defendant's

master's in counseling program.

11. Plaintiff made the decision to attend Defendant's school in large part because she believed and relied on the multiple statements of Defendant and its employees that the master's in counseling program was CACREP accredited.

12. On July 29, 2021, Plaintiff attended new student orientation which was conducted over the Zoom Platform. Dr. Stehn, the department chair, and Dr. O'Brien, the director of the program, answered questions regarding the program's CACREP status.Both assured the students that there was a logistical issue to be worked out with CACREP, but that there was nothing to worry about.

13. On or about August 16, 2021, Plaintiff, along with the other students in Defendant's master's of counseling program, were notified by email that the program had lost its CACREP accreditation, would need to complete a new "self-study", and that students would be updated when they received the accreditation back.

14. In November of 2021, Plaintiff spoke to many different advisors, including, Dr. O'Brien, all of whom assured her that the accreditation would easily be resolved by the beginning of 2022.

15. On or about November 29, 2021, Plaintiff was notified via email by the Director of the Program, Dr. O'Brien, that although the self-study was being completed, that their cohort (their "class"), including Plaintiff, would "certainly be grandfathered in as having graduated from an accredited program." This sentiment was being repeated verbally to many other students, including Plaintiff.

16. In or around January of 2022, Plaintiff's student cohort decided to appoint one student to communicate with the chair of the program, Dr. Stehn, about what was truly going on.

Electronically Filed - ST LOUIS COUNTY - November 03, 2022 - 04:09 PM

Electronically Filed - ST LOUIS COUNTY - November 03, 2022 - 04:09 PM

17. Dr. Stehn assured that student that the self-study report had been submitted at the end of November of 2021, and they would receive a response in February. Dr. Stehn stated they would let the students know as soon as they knew something.

18. On or about March 8, 2022, the students of Plaintiff's cohort attended a "Townhall Student Feedback" meeting over the Zoom Platform.

19. At the "Townhall Student Feedback" meeting, the students complained about the lack of communication and uncertainty of the CACREP accreditation process. Dr. Stehn assured the students they would be informed of a status update by March 15, 2022.

20. On or about March 23, 2022, the students were informed via email that Defendant's master's in counseling program is not CACREP accredited, and the self-study was rejected. Dr. Stehn told students they had less than 24 hours to withdraw from the Spring 2022 semester in order to receive a full refund.

21. Because CACREP accreditation is required to be licensed in many states, and because Plaintiff relied on the statements made by Defendant or its employees regarding accreditation, Plaintiff made the decision to withdraw to receive a refund.

22. In or around the end of March or beginning of April, Plaintiff called CACREP and received verbal confirmation that there is no record of the hybrid program being accredited or applying for accreditation, that there are only two locations that are accredited – the St. Louis location and one of the locations in South Carolina, and only the in-person programs.

23. In or around April of 2022, Chelsea Gaarder, a classmate of Plaintiff, contacted a representative from the CACREP institution and received a confirmation email from the CACREP accrediting institution that Webster University's Hybrid program for master's in counseling was

*never* CAPCREP accredited, and that it lacked *any* records regarding a status review for the online program, as had been suggested by Defendant and its employees.

24. At the time of filing this petition, Plaintiff has still not received a full and complete refund for the Spring of 2022.

### COUNT I: FRAUDLENT MISREPRESENTATION

25. Plaintiff incorporates by reference the forgoing statements and allegations as though fully set forth herein.

26. Beginning in or around December of 2020, or before that date, and continuing on various dates thereafter as reflected in promotional materials, emailed materials, course materials, verbal statements, etc., Defendant, through its representatives and agents acting within the scope and course of their agency and employment and on behalf of Defendant, intentionally engaged in a pattern and practice of making certain fraudulent misrepresentations and/or material omissions to Plaintiff and others, regarding the online master's in counseling program and its CACREP accreditation status.

27. Plaintiff was induced by Defendant's intentional, willful, and malicious misrepresentations and omissions to apply for student loans, purchase books, supplies, equipment, and to enroll in Defendant Webster University and pay tuition.

28. Plaintiff used her own funds and/or student loans to pursue Defendant's curriculum and suffered additional loss of income she would have reasonably earned had she not been fraudulently induced into enrolling in Webster University.

29. Plaintiff will continue to suffer lost income in the future.

30. Beginning in or around June of 2021 and continuing thereafter, the Admissions Department and other representatives of Defendant made the following misrepresentations to Plaintiff about the school and its accreditation which Plaintiff relied on:

  a. "The Online Master of Arts in Counseling/Emphasis in Clinical Mental Health Counseling is now CACREP accredited" (Listed on website);

  b. The online master's in counseling is CACREP accredited;

  c. There was a "logistical" issue with Defendant's CACREP accreditation that would be easily resolved;

  d. The CACREP accreditors were requiring a new self-study from Defendant, and then they would receive the accreditation back;

  e. Plaintiff's cohort would certainly be "grandfathered in" as graduating from a CACREP accredited program;

  f. The required self-study had been submitted in November of 2021, and Defendant would have an answer to CACREP's review by February;

  g. Plaintiff would receive a full refund if she withdrew by March 25, 2021.

31. The forgoing representations made by Defendant through its agents, employees, and representatives were false.

32. The aforementioned admissions representatives, financial aid representatives, and other personnel were acting on behalf of, and serving the business interests of, Defendant in making said false representations.

33. Defendant knew the foregoing representations were false, or Defendant did not know whether the representations were true or false, but represented that they were true.

34. Defendant intended that Plaintiff rely on said representations and omissions and enroll at Webster University.

35. The fraudulent misrepresentations and omissions made by Defendant were material to Plaintiff's decision to enroll in Webster University.

36. But for the false, fraudulent, and misleading statements and omissions, Plaintiff and others would not have enrolled in Webster University.

37. Plaintiff relied on all the aforesaid misrepresentations and omissions in enrolling in Webster University and was relying on them using ordinary care.

38. As a direct result of such fraudulent misrepresentations and omissions, Plaintiff was damaged.

39. Defendant's conduct was outrageous, and showed complete indifference to or conscious disregard for the rights of the Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will serve to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for actual damages against Defendant in an amount that is fair and reasonable, including all monies expended by Plaintiff for tuition, fees, books, supplies, equipment, and any further incidental charges and fees together with such sums Plaintiff might reasonably have earned during the time devoted to Defendant's curriculum, for punitive damages in amount sufficient to punish Defendant and to deter Defendant and others from like conduct and for such further relief the Court deems just and proper.

## COUNT II: FRAUD BY CONCEALMENT AND OMISSION

40. Plaintiff incorporates by reference the forgoing statements and allegations as though fully set forth herein.

Electronically Filed - ST LOUIS COUNTY - November 03, 2022 - 04:09 PM

41. In addition to the fraudulent misrepresentations set for above, Plaintiff was damaged by Defendant's omission of and failure to disclose facts that, had they been known, would have convinced Plaintiff to reject Webster University.

42. Defendant had a duty to disclose to Plaintiff:

　　a. Webster University's online master's in counseling program was not CACREP accredited;

　　b. Webster University's online master's in counseling program had never been CACREP accredited;

　　c. Webster University had never applied for CACREP accreditation for their online master's in counseling program;

　　d. The class of students Plaintiff would be graduating with had no opportunity to be "grandfathered in" because the program had never been CACREP accredited;

　　e. A self-study was never turned in to the CACREP accreditation institution.

43. Defendant failed to disclose the information in paragraphs 41 a-e.

44. The facts that were omitted and withheld by Defendant were material.

45. The aforementioned admissions representatives, financial aid representatives, and other personnel were acting on behalf of, and serving the business interests of, Defendant in failing to disclose said material information.

46. Defendant was in a position of having specific knowledge not available to Plaintiff.

47. Defendant was in a position of trust such that Defendant was aware that Plaintiff trusted them for advice and believed them to have been acting in Plaintiff's best interest.

Electronically Filed - ST LOUIS COUNTY - November 03, 2022 - 04:09 PM

48. Defendant intended that Plaintiff rely upon said representations and omissions and thus enroll in Webster University.

49. The fraudulent omissions made by Defendant were material to Plaintiff's decision to enroll in Webster University.

50. But for the fraudulent omissions, Plaintiff and others would not have enrolled in this institution.

51. Plaintiff relied on all the aforesaid misrepresentations and omissions in enrolling in Webster University and was relying on them using ordinary care.

52. As a direct result of such fraudulent misrepresentations and omissions, Plaintiff was damaged.

53. Defendant's conduct was outrageous, and showed complete indifference to or conscious disregard for the rights of the Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will serve to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for actual damages against Defendant in an amount that is fair and reasonable, including all monies expended by Plaintiff for tuition, fees, books, supplies, equipment, and any further incidental charges and fees together with such sums Plaintiff might reasonably have earned during the time devoted to Defendant's curriculum, for punitive damages in amount sufficient to punish Defendant and to deter Defendant and others from like conduct and for such further relief the Court deems just and proper.

**COUNT III: VIOLATION OF THE MERCHANDISING PRACTICES ACT**

54. Plaintiff incorporates by reference the forgoing statements and allegations as though fully set forth herein.

55. Plaintiff purchased services primarily for personal purposes, and thereby suffered an ascertainable loss of money as a result of the use and employment by Defendant of methods, acts, and practices declared unlawful pursuant to Revised Missouri Statutes, Section 407.010 et seq.

56. All of the foregoing misrepresentations, omissions and concealments by Defendant were relied upon by Plaintiff in deciding to enroll in Defendant's institution, and in expending monies for tuition, books and incidental fees, and in devoting their time to Defendant's curriculum, which, had Plaintiff known the truth, would have devoted to the pursuit of employment, or pursuing a legitimate education at another college or university.

57. Plaintiff has been damaged by Defendant's actions in the amount expended by Plaintiff for tuition, books, incidental fees, loss of earnings and loss of educational opportunity, and Section 407.025 R.S.Mo. gives Plaintiff the right to recover actual damages sustained by the actions of Defendant's violations of the Missouri Merchandising Practices Act, Section 407.010 R.S.Mo. et seq. Said section further entitles Plaintiff to recover punitive damages, reasonable attorney fees, costs, treble damages and such other equitable action and relief as the Court deems necessary and proper.

58. Defendant's actions were outrageous, and showed complete indifference to or conscious disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for actual damages against Defendant in an amount that is fair and reasonable, including all monies expended by Plaintiff for tuition, fees, books, supplies, equipment, and any further incidental charges and fees together with such sums Plaintiff might reasonably have earned during the time devoted to Defendant's curriculum, for punitive damages

Electronically Filed - ST LOUIS COUNTY - November 03, 2022 - 04:09 PM

in amount sufficient to punish Defendant and to deter Defendant and others from like conduct and for such further relief the Court deems just and proper.

### Request for Jury Trial

COMES NOW, Plaintiff, by and through her attorney of record, and hereby requests a trial by jury.

Respectfully submitted,

WHITE, GRAHAM, BUCKLEY, & CARR, L.L.C

BY:  /s/ Gene P. Graham, Jr.
    Gene P. Graham, Jr.    MO 34950
    Deborah J. Blakely    MO 47138
    Taylor M. Arri    MO 72685
    19049 East Valley View Parkway
    Independence, Missouri 64055
    (816) 373-9080 Fax: (816) 373-9319
    ggraham@wagblaw.com
    dblakely@wagblaw.com
    tarri@wagblaw.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - ST LOUIS COUNTY - November 03, 2022 - 04:09 PM